FEBRUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
DEC 20 2007
DEC 20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dominick Giampaolo

Plaintiff

Vs.

Terry McCann; Lt.Douglas, Lt Nurse
Officer Joseph, Officer Hopkins;
Officer Egbe; Officer Hester;
Lt. Carby; Lt Jackson; Officer Bush
Lt. Franklin; Officer Hawk;
Medical Technician White;
Medical Technician Bob (LNU);
Officer Phelps; Lt. Wright

Defendants

CDY
07CV7154
JUDGE DARRAH
MAGISTRATE JUDGE COLE

The Honorable Judge ______ Presiding

COMPLAINT UNDER THE CIVIL RIGHTS ACT,
TITLE $ñ SECTION 1983 U.S.C.

CHECK ONE ONLY:

__X__ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (State, County, Or municiple defendants)

______ Complaint under the Constitution ("Bivens" Action), Title 28 Section 1331(a) U.S. Code

______ Other (Cite Statute, if Known)

I. Plaintiffs(s):

A. Name: Dominick Giampaolo

B. List all Aliases: ______

C. Prisoner Identification Number: R04860

D. Place of Present Confinement: Danville Corr. Ctr.

E. Address: 3820 East Main, Danville, IL. 61834

II. Defendants:

A. Defendant: Terry McCann

Title: Warden Stateville Corr. Ctr

Place of Employment: Stateville C.C- PO Box 112-Joliet, IL 60436

II. Defendants (Cont.)

B. Defendant: Lt. Douglas

Title: Lieutenant (Correctional Officer)

Place of Employment: Statevilee C.C- PO Box 112-Joliet, IL. 60536

C. Defendant: Lt. Nurse

Title: Correctional Lieutenant

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

D. Defendant: Mr. Joseph

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

E. Defendant: Ms. Hopkins

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

F. Defendant: Mr. Egbe

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet, IL. 60436

G. Defendant: Ms. Hester

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

H. Defendant: Lt. Garby

Title: Correctional Lieutenant

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

I. Defendant: Lt. Jackson

Tile: Correctional Lieutenant

Place of Employment Stateville C.C-PO Box 112-Joliet, IL. 60436

J. Defendant: Mr. Bush

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

II. Defendants (Cont.)

K. Defendant: Lt. Franklin

Title: Correctional Lieutenant

Place of Employment: Stateville C.C-PO Box 112-Joliet, IL. 60436

L. Defendant: Mr. Hawk

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet, IL. 60436

M. Defendant: Mr. White

Title: Medical Technician

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL 60436

N. Defendant: Mr. Bob (LNU)

Title: Medical Technician

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL 60436

O. Defendant: Mr. Phelps

Title: Correctional Officer

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

P. Defendant: Lt. Wright

Title: Correctional Lieutenant

Place of Employment: Stateville C.C-PO Box 112-Joliet,IL. 60436

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

Yes (X) No ( ) If there is no grievance procedure skip to F.

B. Have you filed a grievance concerning the facts of this complaint?

Yes (X) No ( )

C. If your answer is YES:

1, What steps did you take?

When filing a grievance about a prison that you are not currently in the grievance is sent directly to the Administrative Review Board. This was done and they replied 4 months later saying they would

III. Exhaustion of Admin. Remdies (Cont.)

C. 1. (Cont.)

investigate. I wrote aletter informing them they had 30 days to comlete and reply. They did not (See attached Exhibit ) I waited until the 6 month for replies had pased with no reply and filed. The 6 month requirement is set by IDOC in their Admin Reg.

2. What was the result?

All relief requested was denied or ignored.

3. If the grievance was not resolved to your satisfaction, did you appeal? No

What was the result (if there was no procedure for appeal,so state)

The ARB is the highest level of appeal signed by the Director of IDOC.

D. . If your answer is NO, explain why not:

E. Is the grievance procedure now completed? YES (X) NO ( )

F. If there is no grievance procedure in the institution, did you complain to the authorities? YES ( ) NO ( )

G. If your anser is YES:

1. What steps did you take? ______

2. What was the result? ______

H. If your answer is NO, explain why not: ______

IV. PREVIOUS LAWSUITS

A. Have you other lawsuits in state or federal court?

YES (X) No ( )

B. If your answer is yes, did any of these lawsuits deal with the same facts involved in this action or otherwise related to you claim?

YES ( ) No ( )

C. If your answer to B is yes, describe each lawsuit in the space below.

1. Parties to this previous lawsuit:
Plaintiffs: ______

List all Alias's ______

Defendants: ______

IV. (Cont.)

C. 2. Court: ____________

3. Docket Number: _______

4. Name the judge whome the case was assigned: _______

5. Disposition: ______________

6. Aprroximate date of filing lawsuit; _______

7. Approximate date of disposition: __________

V. STATEMENT OF CLAIM

1. From April 18, 2007 to May 2, 2007 and May 23, 2007 to June 6, 2007, **28 Days**, while at the Stateville Corr. Ctr in Joliet, IL I was denied all four of my prescription medications for sperate chronic conditions causing me to suffer serious and unecessary pain and suffering thus violating my constitutional rights.

I did not receive my medication for my chronic ulcer (tagamet) degenerative arthritis (Tylonol), Migrains (Tylonol), back pain from spina bifida (Tylonol), irritable bowel syndrome (Bentyl) and allergies (Chlortrimaton). These medications were all previously ordered by Illinois department of Corrections (hereinafter 'IDOC') doctors but when I was transfered on these occasions Stateville did not give me the medications despite it being on my medical file.

Upon arrival each time I spoke to Medical Technician White who was in charge of giving out medications to inmates. I told him that in addition to my medications I needed a special diet for my ulcer and fish allergy, a low bunk permit because of my back and knee conditions, and a non-smoking cell due to my smoke allegies. Medical Technician White refused all requests and I infomeed him they were all in my medical file he had with him and he still refused.

On april 18, 2007 I informed him that I was in pain from my ear drum having been ruptured which was diagnosed on April 16, 2007 by IDOC doctors at the Pinckneyville C.C. and I was denied any treatment by Medical Technician White.

While in the 'North Receiving Center' (hereinafter 'NRC' of Stateville C.C. on April 24, 2007 the ear pain became unbearable and I informed Officer Egbe and he refused to get a doctor or nurse. I pressed the emergency call button and officer Hopkins answered via intercom and told me to 'deal with it', refused to get a doctor or nurse, then proceeded to leave the cell light on all night while making noises over the intercom saying 'can you hear that' which made my pain worse.

While in the Frank House (hereinafter 'F-house') building from May 23, 2007 to June 6, 2007 I informed Medical Technician Bob (LNU) of my need for medications, non-smoking environmnet, special diet, low bunk permit, and need for a pillow and was repeatedly ignored.

Medical Technician White is employed by the IDOC as a medical technician and as such was responsible for the administering of the medication at Stateville C.C. upon receiving inmates there for court writs as I was. Medication to ease my pain and suffering...

V. (Cont.)

1. (Cont.)
...was readily available and requested by me and denied despite proof of the prescriptions in my medical file. AS A DIRECT RESULT of Mr. Whites deliberate indifference to my serious medical needs I needlessly suffered severe physical pain and permanent hearing loss.

Medical Technician Bob (LNU) is employed by the IDOC via contract with Wexford Health SOurces Inc, and as such was responsible to distribute medication and schedule doctors visits at the Stateville C.C. during the dayshift 7am-3pm. Medication to ease my pain and suffering was readily available as well as the forms to order the special diet, low bunk, and non-smoking cell but all were denied on request. AS A DIRECT RESULT of Medical Technician Bob (LNU) deliberate indifference to my serious medical needs; ulcer, IBS, migraines, Arthritis, Allergies, I needlessly suffered severe and unecessary pain.

Officer Egbe is an officer employed by IDOC at the Stateville C.C. and was responsible to inform the medical staff of my serious medical needs of ear pain, nausea, and dizziness and he refused to do so when I informed him of my condition. This caused additional stress and pain as it aggravated my ulcer, migraines, and IBS. AS A DIRECT RESULT of officer Egbe's deliberate indifference to my serious medical needs I needlessly suffered severe and unecessary pain and hearing loss.

Officer Hopkins is an officer employed by the IDOC at the Stateville C.C. and was responsible to inform the medical staff of any medical emergencies but she refused to do so. Instead she left room lights on all night and made loud noises over the intercom in the cell while moking my pain causing me more unecessary pain and suffering. The terror of losing more of my hearing and being mocked and ignored was TORTURE and aggravated my stress related illnesses; ulcer, migraines, and IBS causing more pain from these conditions. AS A DIRECT RESULT of officer Hopkins deliberate indifference AND deliberate actions of torture I needlessly suffered pain and hearing loss.

The deliberate indifference and action/inactions of Med. Tech. White, Med. Tech. Bob (LNU), Officer Egbe, Officer Hopkins violated my constitutional right against cruel and unusual punishment under the 8th emendment and goes against the standards of human decency.

A copy of my medical file showing the medical conditions is attached, designated as EXHIBIT A, and made part hereof. A copy of my affidavit about this incident is attached, designated as EXHIBIT B, and made part hereof. A copy of Guy Wilsons affidavit showing a witness to my attempts to get help is attached, designated as EXHIBIT C, and made part hereof.

2. On April 18, 2007 and May 23, 2007 while at the Stateville C.C. upon intake as a court 'writ guest' I was forced to be strip searched in front of appx 80 other inmates on a filthy floor causing an unecessary violation of my constitutional rights.

When I objected to the method of the strip search to Officer Phelps and Lt. Wright I was told I had to comply or go to Segregation. I explained it violated my religious beliefs and IDOC rules and LT. Wright threatened me with segregation again which caused me......

V. (Cont.)

2. (cont.)
...considerable stree.

The floor was filthy and the strip search was done in a degrading and humiliating manner with genital and anal inspections being conducted by non-medical personnel and observed by all others in the room. Afterward inmates were in the room for 3hrs so there was plenty of time to have done them individually and space was available making the method used unecessary and deliberately indifferent to inmates religious, medical, and saftey concerns.

The threat by Lt. Wright and the order to strip search in front of other violates my 1st amendment right to religion and free speech. His threat caused my 14th amndment right to due process to be violated as the attempt to orally solve a problem before filing grievances is part of the grievance procedure and a constituionally protected right.

The filthy floor caused me to contract athletes foot which is still untreated today thus violating my 8th amendment right against cruel and unusual punishment.

To be strip searched in front of other inmates who by statistic are 33% homosexual is a safefty and security risk and such unecessary practices thretens the future safety of all inmates and myself violating the 8th amendment as well.

Officer Phelps is an officer employed by IDOC at the Stateville C.C. and was responsible to perform the strip search. As an officer of IDOC he is responsible to know IDOC rules and laws pertaining to his job but despite my protesting he refused to do so. AS A DIRECT RESULT of Officer Phelps deliberate indifference to my religious beliefs, medical concerns, and future safety, I unecesarily was degraded, huniliated, caught athletes foot, suffered pain, was exposed to future harm, and my religious rights were violated.

LtWright is a Lieutenant at the Stateville C.C. and employed by IDOC and was responsible, and in the room, for supervising the strip search. Despite my objections he threatened me to comply. As an IDOC Lt. he is responsible to know and follow all IDOC regulations and apllicable laws. AS A DIRECT RESULT of Lt. Wrights deliberate indifference to my religious rights, future safety, and medical concerns I had my religious rights violated, got athletes foot and have suffered pain, and was exposed to future harm.

A copy of my affidavit detailing this incident is attached, designated as EXHIBIT B and made part hereof.

3. From April 18, 2007 to May 2, 2007 and from May 23, 2007 to June 6, 2007 while at the Stateville C.C. I was repeatedly deprived of 8 hrs uninterupted sleep for 28 days.

In the 'NRC' building the policy is to serve breakfast at 2:30AM and the actions of Officer Hester during the 11am-7am shift made sleeping more than 3 hrs impossible.

At 9pm the officer count the inmates and bang on the doors to force them to move even when they can see unobstructed into the cells and inmates are in no way hidden. At 11 pm another count is conducted with the cell lights on and more banging on the cell doors by the officers. At 2:30AM the 'breakfast' is served taking about

V. (Cont.)

3. (Cont.)

one hour to serve and retrieve. Then at 6:30Am another count with more banging on doors by officers. At 9AM the 'lunch' is served followed by a 12pm count, 3pm count, and then dinner about 5-6pm.

In addition to the meals and counts awakening inmates Officer Hester serves the breakfast and from about 12AM to 4AM loudly preaches her version of Christian doctrine for hours at a time very loudly.

In the 'F-House' building the other inmates are permitted to shout at full volume all day and night in their attempts to communicate across the 50 yard open space in the panaoptigon. The cell doors are meshed and sound travel though them and if an inmate needs an officer they bang the metal to metal doors since there is no emergency call button system. The noise level is never less than shouting strength.

Sleep deprivation is a form of torture used to break the will of prisoners of war and as such is a violation of the acceptable standards of human decency. The lack of sleep caused my stress related conditions; migraines, ulcer, IBS to aggravate an caused me severe pain and suffering violated my 8th amendment right against cruel and unusual punishment.

Officer Hester is employed by ODOC ad as such was responsible for the supervision of the section of NRC at Stateville C.C. I was housed in. She is responsible to know and follow all IDOC rules and regulations including the ones against excessive noise. As there is no legitimate penalogical reason for her to loudly preach in the middle of the night or to awaken inmates during count times, her actions were deliberate and unecessary.

Officer Joseph is employed by IDOC at Stateville C.C. in NRC and as such is responsible to know and follow all IDOC rules and regulations including ones against excessive noise. I informed him of the noise and slepp problems and he ignored my request and continued to count while pounding on cell doors.

Officer Egbe is employed by IDOC at Stateville C.C in NRC and as such is responsible to know and follow all IDOC rules and regulations including ones against excessive noise. I informed him of the noise and sleep problems and asked that he not pound while counting but he continued this practice daily.

Lt. Douglass is in charge of the officers at the Stateville C.C .NRC and as such is responsible to supervise the officers and enforce IDOC rules and regulations. I informed him of the actions of Ofcicers Hester,Egbe, and Joseph and asked that the pounding on the doors during counts cease and that officer Hester stop loudly preaching in the middle of the night. He ignored my request and the pounding and preaching continued.

Officer Bush is employed by IDOC at the Stateville C.C. F-House and as such is responsible to know and follow all IDOC rules and regulations including those against excessive noise. I informed him of the noise problems and asked they be stopped and he ignored my request.

Acopy of my affidavit detailing this complaint is attached, designated as EXHIBIT B, and made part hereof.

V. (Cont.)

   3. (Cont.)
      Officer Hawk is employed by IDOC at the Stateville C.C. and
   as such is responsible to know and follow all IDOC rules and
   regulations including those against excessive noise. I asked him
   to enforce the rules and told him of my lack of sleep but he did
   not take any actions to stop the noise levels being excessive.
      Lt. Nurse is a lieutenant at the Stateville C.C. and as such
   is responsible to know and follow all IDOC rules and regulations
   including those against excessive noise. I told him of the problems
   with noise and he was in F-House during his many shifts and heard
   the banging and shouting and he did nothing.
      Lt. Garby is a lieutenant at the Stateville C.C. and as such
   is responsible to know and follow all IDOC rules and regulations
   including those against excessive noise. I told him of the problems
   and he could hear it himself and he took no action to correct the
   problem.
      Lt. Jackson is a lieutenant at the Stateville C.C. and as such
   is responsible to know and follow all IDOC rules and regulations
   including those against excessive noise. I told him of the noise
   problems and he works in F-house and was there during the high
   noise level and banging and he took no action to correct it.
      Lt. Franklin is a lieutenant at the Stateville C.C. and as such
   is responsible to know and follow all IDOC rules and regulations
   including those against excessive noise. I told him of the noise
   problems and he works in F-House and could hear the noise and
   banging and he took no actions to correct the problem.
      AS A DIRECT RESULT of Ofciers Joseph,Egbe,Hawk, and Bush and
   Lieutenants Douglass, Nurse, Garby, Jackson, and Franklin inactions
   the noise continued day and night, I could barely sleep and my
   stress related conditions; ulcer, migraines, and IBS were aggravated
   causing severe pain and suffering thus violating my 8th amendment
   rights against cruel and unusual punishment.

   4.     From April 18, 2007 to May 2, 2007 and from May 23, 2007 to
   June 6, 2007 while at the Stateville C.C. I was denied a pillow.
      IDOC rules and regulations and supply lists require one pillow
   be given to every inmate.
      I asked for a pillow from Officers Hester, Joseph, Hopkins,
   Egbe, Bush, and Hawk and from Lt. Douglass, Lt. Nurse, Lt. Garby,
   lt, Franklin, and Lt. Franklin and was denied by all of them.
      AS A DIRECT RESULT of the denial of a pillow I experienced severe
   pain day and night from my lower back condition, spina bifida,
   Pillows are regularly available and given to general population
   inmates and segregation inmates at the Stateville C.C. but not to
   writ guests. They are available to all 'writ guests' that stay
   in Danville C.C.; Centralia C.C. Dixon C.C.; Hill C.C., and
   Pinckneyville C.C. but not at Stateville C.C. This unecessary
   pain and suffering violated my 8th amendment right against cruel
   and unusual punishment.
      Officer Hester is employed by IDOC and as such is responsible
   to know and uphold all IDOC rules and regulations including the
   issuing of pillows. She refused to give me one upon request.

V. (Cont.)

  4. (Cont.)
        Officer Joseph is employed by IDOC at the Stateville C.C.
and as such is responsible to know and uphold all IDOC rules and
regulations including the issuing of pillows. He refused to do
so when I requested. Causing me pain and suffering.
        Officer Egbe is employed by the IDOC at the Stateville C.C.
and as such is responsible to know and uphold All IDOC rules and
regulations including the issuing of pillows. He refused to do
so when I requested causing me pain and suffering.
        Lt. Douglass is in charge of the officers at the Stateville
C.C. and for knowing IDOC rules and regulations including the
issuing of pillows. He refused to do so when I requested causing me
pain and suffering.
        Officer Bush is employed by IDOC at the Stateville C.C. and as
such is responsible to know and uphold all IDOC rules and regulations
including the issuing of pillows. He refused to do so when I
requested causing me pain and suffering.
        Officer Hawk is employed by IDOC at the Stateville C.C. and as
such is responsible to know and uphold all IDOC rules and regulations
including the issuing of pillows. He refused to do so when I
requested causing me pain and suffering.
Lt. Nurse is employed by IDOC at the Stateville C.C . and as such
is responsible to know and uphold all IDOC rules and regulations
including the issuing of pillows. He refused to do so when I
requested causing me pain and suffering.
        Lt. Garby is employed by IDOC at the Stateville C.C. and as
such is responsible to know and follow all IDOC rules and regulations
including the issuing of pillows. He refused to do so when I
requested causing me pain and suffering.
        Lt. Jackson is employed by IDOC at the Stateville C.C. and as
such is responsible to know and uphold all IDOC rules and regulations
including the issuing of pillows. He refused to do so when I
requested causing me pain and suffering.
        Lt. Franklin is employed by IDOC at the Stateville C.C. and as
such is responsible to know and uphold all IDOC rules and regulations
including the issuing of pillows. He refused to do so when I
requested causing me pain and suffering.
        An affidavit in support of this incident is attached, designated
as EXHIBIT B, and made part hereof.
        A copy of my medical file showing my back condition is attached,
designated as EXHIBIT A, and made part hereof.

  5.    From April 18, 2007 to May 2, 2007 and from May 23, 2007 to
June 6, 2007 while in the Stateville C.C. as a 'writ guest'
I was kept in a cell of appx 40 sq ft with another inmate for
an average of 23 hrs per day.
        I was on the 'writ' challenging my criminal convictions in
pro-se collateral proceedings.
        While a 'writ guest' I was denied almost all priveleges that
general population (hereinafter 'GP') inmates recieve even at
Staeville C.C. which is a maximum 'level 1' prison.

V. (Cont.)

    5. (Cont.)
        I was not allowed to bring ANY books, magazines, electronics, pens
    envelopes, or food. Inmates in Statevilles GP get all thes and
    even those punished in segragation get their TV's radios, envelopes,
    books, and most all of their property.
        The cells are filthy and no cleaning supplies are given. I was
    not able to get laundry done (28 days total) and had to wear the
    same jumpsuit. There are roaches and mice in the cells, the
    showers are cold and filthy, and in F-House there was no clean
    matress.
        To be punished for challenging my criminal case is a retalitory
    act by IDOC. This is evident beacuse other inmates on writs in
    other prisons are treated the same as the GP inmates of those
    prions they are in; ie. Centralia C.C.; Dixon C.C. ; Hill C.C.;
    Danville C.C.; Pinckneyville C.C. This retaliation violates my
    8th amendment right against crueal and unusual punishment. As
    the conditions at Stateville are unbearable and cause pain and
    suffering they have coreced me and other inmates to not challenge
    their cases.
        Warden McCann is the Warden at Stateville C.C. and as such is
    responsible for setting the policy by which 'writ guests' are treated
    and for the cell cleanliness and all the above conditions.
        Warden McCann was informed by me of these problems by letter,
    attached as EXHIBIT D, and made part hereof. He knew or should have
    known that these conditions exist in an open and recuurent manner.
    AS A DIRECT RESULT of Warden McCanns deliberate indifference to
    the cell conditions, writ guests policies and loss of priveleges,
    and unecesary denial of what GP inmates recive (phone access,
    dayroom time, showers, etc) I suffered extreme stress aggravating
    my stres related conditions; ulcer, IBS, and migraines. THe
    filthy matress and cells caused my mold allegies to activate and
    caused severe pain and suffering from constant sneezing. These
    violated my 8th and 14th amendment right against crueal and
    unusual punishment, retaliation fo rlitigation, and denial of
    privieges without a hearing or due process.
        A copy of my affidavit in support of this claim is attached,
    designated as EXHIBIT B, and made part hereof.
        A copy of Guy Wilsons affidavit describing these conditions
    is attached, designated as EXHIBIT C, and made part hereof.
        A copy of my medical file showing my medical conditions is
    attached, designated as EXHIBIT A, and made part hereof.

    6. Warden Terry McCann is the warden at the Stateville C.C. at the
    time of these incidents and he is therefore responsible for ALL
    the officers training and  training of staff or lack thereof.
        The incidents described in this complaint were all brought
    to his direct attention through the grievance process and by
    letter I sent to him both times in his facility, Attached as EXHIBIT
    D and made part hereof. The conditions described in this complaint are
    his 'institutional policy' of which as warden he is responsible for
    upholding and creating. These claims occur in an ooen and recurrent
    manner, frequent and widespread and are so prevalent and in a
    regular pattern that a supervising warden must have, or should have,
    been aware of them.
        As a direct result of Warden McCanns institutional plicies,
    complete lack of training of his staff, and deliberate indifference

V. (Cont.)

6. (Cont.)
to IDOC rules and state law, my 1st amendment right of religious freedom, 8th amendment right against cruel and unusual punishment, and 14th amendment right of due process were all violated causing me sever pain and suffering including hearing loss.

7. The defendants are named herein are prison officials whose authority rests on state law and they were personally involved in their individual and official capactities in the violation of my constitutional rights.

8. The Plaintiff reserves the right to investigate and add to the list of defendants as they may be determined through discovery process.

VI. RELIEF

Punitive, nominal, and compensatory damages of $1,000,000 due to the severe pain, suffering, hearing loss,medical neglect, endangerment, and violation of my constitutional rights as named herein.

The imediate change of the illegal institutional policeis named herein and removal and/or diciplinary actions against the defendant.

The immediate INJUNCTION to cease the holding of Writ Guests in conditions any different than those in the holding prisons general population and any other relief this court deems just and proper.

Signed this 1st day of December, 2007.

[signature]
Dominick Giampaolo, Plaintiff

DECLARATION UNDER PENALTY OF PERJURY

I, Dominick Giampaolo, pro-se, declare under penalty of perjury that I am the maker of the foregoing pleading, that I have read the contents thereof, and that the information contained therein is treu and correct to the best of my knowledge and belief. I further decalre under penalty of perjury that the exhibits attached to the foregoing pleading are what they are represented to be and that the information contained therin is true and correct and is a matter of record. 28 USC 1746 and 18 USC 1621.

Signed this 1st day of December, 2007.

[signature]
Dominick Giampaolo

CERTIFICATION

By signing this complaint, I certify that the facts stated in this Complaint are true and correct to the best of my knowledge and belief, and information. I understand that if this certification is not correct, I may be subject to sanctions by the court.

Signed this 1st day of December, 2007.

[signature]
Dominick Giampaolo, R04860
Danville Corr. Ctr
3820 East Main
Danville, IL. 61834

CERTIFICATE OF SERVICE

I, Dominick Giampaolo, pro-se, hereby certify that the proper number of the foregoing pleading has been mailed to the Clerk of the Court and to the parties named as Defendants by enclosing one copy for each and sending them with first class postage prepaid, in the U.S. mail and sending them to the U.S. District court Clerks office as per local rules, through a third party Deborah Leardi, who placed them in the mailbox in Lisle, IL on Dec 17, 2007. This certificate of service is made under penalty of perjury. 28 USC 1746 and 18 USC 1621.

Signed this 1st day of December, 2007.

Dominick Giampaolo

**Imaging Radiologist**

EXHIBIT A-1

319 E. Madison Street
Springfield, Illinois 62701
(217) 528-4770

| | |
|---|---|
| **PATIENT:** | **Giampaola, Dominick** |
| **FACILITY:** | **Dixon Correctional Center** |
| **PRISON #:** | **R04860** |
| **PHYSICIAN:** | **Mesrobian** |
| **DATE PERFORMED:** | **6-14-02** |
| **AGE:** | **5-23-67** |

*******************************************************************************************

**RADIOLOGICAL REPORT**

**LUMBAR SPINE**

Clinical Indication: Rule out scoliosis

AP and lateral views

There is a rib arising from the T12 vertebral body on the left side but not on the right side. There is partial sacralization of L5. There is a spina bifida at the L5 level.

The lumbar vertebral bodies are normal in height. There is no scoliosis. There is approximately a 2 to 3mm posterior offset of L4 with respect to L5. The remainder of the lumbar vertebral bodies are in normal alignment. The intervertebral disc spaces are intact. There is no spondylolysis.

**CONCLUSION: 1. There is partial sacralization of L5. There is a unilateral rib at T12. There is a spina bifida of L5.**

**2. The disc spaces in the lumbar region are intact. There is approximately a 2 to 3mm posterior offset of L4 with respect to L5.**

JUN 17 2002

Peter E. Weinberg, M.D./jmw
Neuroradiologist

D/T: 06/17/02

EXHIBIT A-2

Orthopaedic Associates of DuPage, Ltd.

6504

Mona Kea Medical Park
515 Thornhill Drive
Carol Stream, IL 60188
630/653-7900
630/653-2194 FAX

David K. Chang, M.D.
Drew R. Engles, M.D.
Beth B. Froese, M.D.
Stephen E. Heim, M.D.
Jerome L. Kolavo, M.D.
Lenard W. LaBelle, M.D.
Douglas B. Mains, M.D.
David M. Mochel, M.D.
Mary T. Norek, M.D.
John F. Showalter, M.D.
Richard K. Thomas, M.D.
David H. Watt, M.D.

Paul R. Nylander
Executive Administrator

September 25, 1997

Gina Drugas, M.D.
303 W. Lake Street, #105
Addison, Illinois 60101

Re: Dominick Giampaolo

Dear Dr. Drugas:

Thank you for the referral of Dominick Giampaolo. He has left knee pain, probable chondromalacia patella, mild early degenerative arthritis, rule out meniscal tear. Because of the patient's mechanical symptoms of popping and locking and shifting an MRI is ordered to rule out meniscal tear. Further recommendations will be made following the MRI. In the interim, gentle quadriceps strengthening exercises are recommended.

Again, thank you for this consultation. If you have any further questions please give me a call.

Sincerely,

D.H. Watt md/KA

David H. Watt, M.D.

DHW/jab

ENCLOSURE: Chart note of September 25, 1997.

Member of Combined Orthopaedic Specialists

EXHIBIT A3

## ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Health Status Transfer Summary

**Transferring Facility:** Stateville Correctional Center

**Offender Information:** GIAMPAOLO (Last Name) DOMINIC (First Name) MI ID#: R04860

Date: 12, 13, 04 Time: ______ ☐ a.m ☐ p.m.

**Transfer Screening** (completed by transferring facility health care staff):

Allergies: Fish & Cigarette Smoke / NKDA Food Handler Approved: ______

Current / Acute Conditions / Problems: / Chronic Conditions / Problems: Irritable bowel syndrome, Scoliosis, Stress / Panic

**Current Medications** (name, dosage, frequency, and duration):

Acute Short-term: ______

Chronic Long-term: Zantac 150 mg po BID, MVI ī qd - Bentyl 10mg po qid.

Chronic Psychotropic: ______

Current Treatments: Same as above.

Therapeutic Diets: ______

Follow-Up Care: Fu MD.

Chronic Clinics: Gen Med - IBS.

Specialty Referrals: ______

Significant Medical History: Irritable bowel syndrome. PUD. H/o Back pain

Physical Disabilities / Limitations: Blurred Vision - Low Bruit

Assistive Devices / Prosthetics: ______ ☒ Glasses ☐ Dentures

Mental Health Issues: ☐ Hx Suicide Attempt Date: / / ☐ Hx Psych Med ☐ Hx MPC / STC Substance Abuse: ☐ Alcohol ☐ Drugs

R & C Use Only: ☐ LAB ☐ EKG ☐ CXR ☐ Dental ☒ MEDS ☐ MH ☐ Other ______ ☐ Packet Complete

N. K. [illegible] CA (Print Name and Title) [signature] (Signature) 12, 13, 04 (Date)

**Reception Screening** (completed by receiving facility health care staff):

Facility: Hill Date: 12, 15, 04 Time: 8:25 p ☐ a.m ☒ p.m

**Subjective:**

Current Complaint: Chronic back + knee pain

Current Medications/Treatment: as above

**Assessment:** New transfer

**Objective:**

Physical Appearance/Behavior: Neat appropriate

Deformities: Acute/Chronic: ______

T: 98.2 P: 78 R: 18 B/P: 120/74 84/152

**Plan: Disposition:**

☒ Health Information Given ☐ Emergency Referral: ______

☒ Sick Call: Urgent / Routine

☐ Medication Evaluation ☐ Therapeutic Diet ☐ Special Housing ☐ Chronic Clinics

☐ Work / Program Limitation ☐ Specialty Referrals ☐ Other (specify): ______

☐ Infirmary Placement: ______

☐ Other (specify): ______

R. Graham RN (Printed Name and Title) R Graham RN (Signature) 12, 15, 04 (Date)

**For adult transition center transfers only:**

I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

______ Offender's Signature ______ Date ______ Time ☐ a.m. ☐ p.m

Distribution: Offender's Medical Record; Transferring Facility. DOC 0090 (Eff. 9/2002)

EXHIBIT A-4

ILLINOIS DEPARTMENT OF CORRECTIONS

Hill Correctional Center

**Offender Outpatient Progress Notes**

Offender Information:

Giampaolo (Last Name) Dominick (First Name) MI ID#: R04860

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 2-10-05 | WT 147 B/P 102/78 T 99.4 P 78 R 16 | |
| | S/ Scheduled for [illegible] of 1/30/04 Spina Bifida + States any [illegible] re-eval, requesting for low bunk perm | 1) low bunk x 6 months 2) F/U PRN |
| Xray: Spina Bifida, posterior disc bulging L5, [illegible] | O/ VSS, [illegible] | [illegible] |
| | SLR [illegible] | |
| | 1) [illegible] 2) Spina Bifida | noted 2/10/05 [illegible] |
| | | |

Distribution: Offender's Medical Record

DOC

ILLINOIS DEPARTMENT OF CORRECTIONS

EXHIBIT A-5

**Offender Outpatient Progress Notes**

PNRC Center

**Offender Information:**

| Last Name | First Name | MI | ID# |
|---|---|---|---|
| Giampaolo | Dominick | — | K04860 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4-1-07 | S. GENERAL MEDICINE CLINIC 39 y/o | P. |
| 1:10 PM | HISTORY PERTINENT TO DISEASE/PROBLEM | Tagamet 400 mg |
| | "IBS" c/o sharp pain | BID |
| | moves around. Constipation | |
| | 3-4 d. Bentyl helps. States | Bentyl 10 mg BID |
| | has an ulcer since 1997 | PRN |
| | O. PHYSICAL EXAMINATION: | |
| | T. 97.8 P. 74 R. 20 B/P. 120/80 HT. 5'10" WT. 131 | Tylenol 325, |
| | [illegible] | ii TID x 3 months |
| | LABS: [illegible] | PT. EDUCATION: |
| | [illegible] | Med Compliance---- Explained |
| | [illegible] | Diet Compliance---- Reg |
| | [illegible] | Disease process---- [illegible] |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |
| | | |
| | A. Reported IBS; Reported dyspepsia | MD. SIGNATURE [signature] |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Printed on Recycled Paper

EXHIBIT A-6

*BEGIN USING FROM BOTTOM UP

State of Illinois
Dept. of Corrections

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient ______ Reg. # ______ Date: ______

Problem ______

ORDER: (Physician's Signature After Last Order) ______

DEA/Illinois Lic. # ______ Physician (Print) ______

☐ May Substitute ______ M.D.

☐ May Not Substitute ______ M.D.

DCA 7000
IL 426-1417

Noted by: ______ Date:

State of Illinois
Dept. of Corrections

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient ______ Reg. # ______ Date: ______

Problem ______

ORDER: (Physician's Signature After Last Order) ______

DEA/Illinois Lic. # ______ Physician (Print) ______

☐ May Substitute ______ M.D.

☐ May Not Substitute ______ M.D.

DCA 7000
IL 426-1417

Noted by: ______ Date:

NKDA

State of Illinois
Dept. of Corrections

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Giampaolo Dominick Reg. # R04860 Date: 5/9/07

Problem IBS PUD

ORDER: (Physician's Signature After Last Order) 1) Tagamet 400mg TPO BID
2) Bentyl 20mg TPO BID
3) Tylenol 325 mg ii PO TID PRN
} 4 MO

8/10/07

DEA/Illinois Lic. # ______ Physician (Print) ______

☐ May Substitute ______ M.D.

☐ May Not Substitute ______ M.D.

EXHIBIT A-7

**Offender Outpatient Progress Notes**

Pinckneyville Correctional Center

Offender Information:

Giampaolo (Last Name) Dominick (First Name) MI ID#: R04860

**Treatment Protocol:**
**Earache/Ear Wax Impaction**

| Date/Time | Subjective, Objective, Assessment | Plans Slight |
|---|---|---|
| 4-9-07 | S. Duration: 4 days | P. MD Referral (circle) if redness with fever over 101, acute pain, drainage with swelling, hearing |
| 930Am | Ear: (R) some pain (L) worse | Loss, inability to visualize TM, neck node enlargement/pain or symptoms that fail to |
| | Have you recently had a cold, cough, fever or sore throat? Y/(N) | Respond to treatment protocol. |
| | Pain? (Y)/N If yes, describe (1-10) | NO MD Referral: ( check as applicable) Earache: |
| | Most severe: (5) | 1. Tylenol 2 tabs every 4-6 hrs PRN (issue 10) |
| #Nonsmoker | Drainage noted: Y/(N) Hearing Loss (Y)/N clicking when swallowing | Earwax: 1. Ear wax treatment drops (for excess ear wax) |
| | Have you put anything in your ear? (Y)/N If yeas, what? Q-tip | Use as directed, (Debrox) instill 5-10 drops to affected ear canal 2x a day x 7 days. |
| | Past history of earaches, ear infections or ear surgery: (Y)/N ⊘ surgery | 2. Assess $2.00 co-pay. (Yes) No |
| | | **Patient Teaching: (check as applicable)** |
| | O. T 96.0 P 72 R 16 | (1.) Do not put anything in your ears. |
| | BP 110/60 WT 142 | ~~2. Medication use.~~ |
| | Assess ear, nose throat for swelling, drainage or redness. (R) ear TM slightly swollen | (3.) Proper ear cover (hat in winter or windy weather) |
| | Describe: (L) ear TM swollen c̄ redness noted to canal ⊘ drng | ~~4. F/U sick call 48 hours is symptoms persist or worsen.~~ |
| | Color TM: (R) pearly (L) dull Perforation Visualized: Y/(N) | |
| | Cervical node enlargement or pain? Y/(N) Test hearing: Diminished Y/(N) R/L | |
| | A. Alt in comfort | Nurse Signature: C Herbic |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Printed on Recycled Paper

**Offender Outpatient Progress Notes**

EXHIBIT A-8

Offender Information:

Giampaolo — Last Name; Dominick — First Name; MI; ID#: R04860

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4/13/05 TN, cat | S/R allergy to cigarette smoke. [illegible] purple [illegible] | P) non-smoking room. [illegible] TM [illegible] 0.1% cr [illegible] |
| | | Noted 4/13/05 1020A [illegible] |
| 4/19/5 950A | M.D. VISIT WT 145# B/P 130/76 T 96.8 P 72 R 16 | |
| | S: c/o tender lump @ (R) thigh a week old - tender. Mother H/O varicose veins | P) BP ✓ q week x 1 mo. TED - thigh high hose to (B) legs |
| | O: ∅ swelling or erythema of (R) thigh mild tenderness @ varicosity medial (R) thigh | Noted 4/19/05 1030A [illegible] |
| | A) varicose veins | [illegible] |

Distribution: Offender's Medical Record

ILLINOIS DEPARTMENT OF CORRECTIONS
Hill Correctional Center

EXHIBIT A-9

**Offender Outpatient Progress Notes**

Offender Information:

Giampaolo — Last Name; Dominick — First Name; MI; ID# K04860

| Date/Time | Subjective, Objective, Assessment | Plans |
| --- | --- | --- |
| 4-11-05 | LPN Note | P. place on Urgent MD |
| 1235p | S. I have an ear infection | due to recurrent |
| | O. 84, 16, 98.2, 120/82 | ear infection |
| | yellow drainage from | |
| | ⓑ ear pain in both | |
| | ears pain on pain scale | |
| | #7 - sore throat | |
| | A alter in comfort | [illegible] |
| 4/13/5 | M.D. VISIT WT 149.4 B/P 140/90 | |
| 925A | T 97° P 80 R 16 | [illegible] |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |
| | [illegible] | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

Exhibit A-10

**Offender Outpatient Progress Notes**

Pinckneyville Correctional Center

Offender Information:

Giampaolo (Last Name) Dominick (First Name) MI ID#: R04866

Treatment Protocol: Backache

Page 1 of 2

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3-20-07 | LPN/RN Note | |
| 1030 | S. Cause of pain: S/R I can usually crack it & it makes it better | P. MD Referral (circle): If difficulty |
| | Its swollen on R side Duration: its a pinched disc | ambulating, numbness, sever pain or accompanied by abdominal pain, dark/ |
| | Location/Pattern of Pain: ↓ Back | bloody urine, abnormal VS or if no relief after 72 hours on OTC. |
| | Severity of Pain (1-10) most severe) 8 or 9 | cont to mention numerous times he needs ↓ Bunk & R Knee brace |
| | Does pain wake you? Y/N (N circled) | No MD Referral (check as applicable) |
| | Y/N Circle if applicable: fever, chills, | 1. Tylenol 325 mg. every 4-6 hrs. PRN |
| | Color of urine: S/R its OK | 2. If new onset, cold applications x 72 hrs. |
| | O. T P R BP 98° 70-18 130/70 150/ | 3. If chronic condition, heat applications |
| | Is pain or distress apparent with | Heat |
| | Movement? Y/N Back & R Knee slight limp | |
| | Night sweats, dysuria. | Lay In |
| | Gait disturbance? (Y)/N Back pain R Knee | |
| | Any change with sitting to | Advise |
| | Standing ? Y/N | Weight Lifting |
| | Inspect local area (circle if | Activity |

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Printed on Recycled Paper

## Offender Outpatient Progress Notes

Pinckneyville Correctional Center

Offender Information:

Giampaolo Dominick ID#: B04860
Last Name First Name MI

Treatment Protocol:
Backache

Page 2 of 2

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3-20-07 | Applicable): Swelling, redness, | Proper Mechanics |
| 1030 | Bruising, limitation of movement, | |
| | Numbness, tingling, radiation, | Trial 48 hrs. OTC |
| | Tender to touch. | MD Referral |
| | Dip Stick Urine: Results | RR PRN |
| | | |
| | A: S/R alt comfort | Nurse Signature: |
| | Knee ↓ Back | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

EXHIBIT B

AFFIDAVIT OF DOMINICK GIAMPAOLO

I, Dominick Giampaolo, the undersigned affiant, certify and state that I am the maker of this affidavit and that I have read its contents and under oath and penalty of perjury as provided under 28 USC 1746 and 18 USC 1621 state that the following to be true and correct;

That I was incarcerated at the Stateville C.C. from April 18, 2007 to May 2, 2007 in thier NRC building and from May 23, 2007 to June 6, 2007 in their F-House building.

That I was there as a writ guest to appear pro-se in court on collateral proceedings in my criminal cases. I was not allowed to bring books, magazines, envelopes, pens, pencils, food, or electronic with me to Stateville from my places of incarceration because they said Stateville would not allow it.

That while in NRC I had severe ear pain from a ruptured eardrum and was dizzy and nauseated. I Told Med. Technichian White, Officer Egbe, and Officer Hopkins and was not allowed to see a doctor or nurse. I was also denied my prescription medication for my ulcer, arthritis, migrains, IBS, allergies, back pain, and knee pain all previously diagnosed chronic conditions for which IDOC doctors had written prescriptions.

When arriving both times I was forced into strip search conducted in front of other inmates which violed my Christian beliefs and ethics. I was threatened by Lt. Wright that if I didnt comply I would go to segregation. While in Stateville the cells were filthy, no cleaning supplies were given, I had no pillow, was deprived of sleep by officers banging on cell doors and shouting inmates, loss priveleges of phone calls, day room time, commissary, books, magazines, and electronic.

I was in my cell 23 hrs per day with one chance for yard per week for 5 hrs. When I tried to get treatement for my ear I was told to deal with it by officer hopkins and then she left the light on all day and night while making shrieking noises to deliberately aggravate my ear pain syaing can you hear that, etc. I tried to get my medicine and medical attention from Med Tech White and Med. Tech. Bob (LNU) but received none.

After this denial I noticed that I had lost more hearing in my left ear. The filthy cells and matresses aggravated my allergies and the stress of being confined in a cell designed and rated for 1 person but having 2 as well as the stres of the noise, no medication, and other conditions caused my ulcer to aggravte along with the IBS and migraines putting me in sever pain. I told Lt. Garby, Lt. jackson. Lt. Franklin, Lt. Nurse, and others of these conditions with no help from any of them or the officers I spoke of.

I filed the grievance with the ARB and received a reply that they would investigate. They have not replied since then and the relief I requested has not been given. They are beyond their 6 months to reply and thus my remedies are exhausted.

I further sayeth not.

This affidavit being made under penalty of perjury this 1st Day of December, 2007 pursuant to 28 USC 1746 and 18 USC 1621.

Dominick Giampaolo

EXHIBIT C

# Affidavit of Guy Wilson

I, Guy Wilson, declare and state under penalty of perjury that the following be true and correct in substance and in fact;

That I was held in Stateville Corr. CTR in Joliet, IL in Frank House (F-house) in cell F-350 from 5-23-07 to the present while on a court writ.

During this time I heard and observe Inmate Dominick Giampalo, in Cell F-349 ask medical technicians, officers, Lietenants, and Stateville Staff for the following: His medication, Cleaning Supplies, pillow, soap, access to the Law Library, access to the phone, and to not be treated worse then the segregation inmates, Also here in F-house. At no time were any of his requests remedied. I saw Mr Giampaolo send notes to various staff which contained some of these requests.

I personally have asked verbally or in writting for all of the above Listed items and in addition reported roachs in the cells, library book or access to them, and for writ guests to not be punished while in Stateville Corr. CTR. None of my requests have been answered and conditions have remaind the same. All requests are ignored but the deficiency is acknowledged by various staff with them saying there is nothing they can do.

further, affiant sayeth not.

This affidavit being made under penalty of perjury pursuant to 28 U.S.C § 1746 and 18 U.S.C. § 1621.

Dated: 6/6/07

[signature]

Guy Wilson S05967

EXHIBT D-1

WARDEN McCANN, 4-20-07

I AM A 'writ guest' IN NRC AND have some serious problems WITH how I AM being treated. I have A ruptured eardrum AND CANT GET MEDICAL care. My prescription meds have been DENIED, My low bunk permit IGNORED, my special diet ignored, there is no pillow which hurts my back, they will not permit envelopes or books, there's no garbage can in the cell, There Are NO cleaning supplies. C/O Hester preaches all night, C/O Hopkins makes noises on the intercom when I asked for treatment. My phone calls, court ordered, to my son Are not allowed. I'm IN A cell designed for 1 person but occupied by 2. I'm not allowed any dayroom or other GP privileges although I've Done Nothing to justify the removal of my privileges. I cant sleep because your C/O's needlessly bang and yell into cells during counts even when I'm in plain sight.

All of this violates IDOC rules, regulations, STATE STATUTES, AND MY CONSTITUTIONAL Rights. Please GET MY MEDS, pillow, permit, special diet, and my privileges back as soon as possible.

Sincerely,

[signature]

DOMINICK GIAMPAOLO

R04860

(Handwritten Duplicate)

EXHIBIT D-2

WARDEN McCANN, 5-24-07

I AM AGAIN A WRIT GUEST IN YOUR FACILITY but IN F-HOUSE. I AM AGAIN being DENIED MY PRESCRIPTION MEDICATION FOR MY CONDITIONS AND IN PAIN because of it. The noise level is above acceptable decibles WITH full volume shouting all DAY + Night AND INMATES banging metal chuck holes for loud Clanging. I have no pillow causing me back pain. Ive been DENIED MY special Diets, low bunk, AND COURT ORDERED phone calls. The cell is filthy AND roach infested AND they refuse to give cleaning supplies. They don't do laundry AND IM IN A cell rated for 1 man but has 2 for 24 hrs/DAY 6 DAYS A week AND only 1 shower A week. The mattress is filthy AND the mold on it has aggravated my allergies. Ive been Denied privileges of your GP inmates AND have less privileges than even your seg. INMATES. To be treated like this violates my constitutional rights. I complained to your C/o's AND Lt's with no relief. Your strip search policy violates IDOC rules as well AND these other complaints above. When I tried telling a Lt. of my religious objection to being strip searched in front of others he threatened me with seg. Please fix these problems ASAP.

Sincerely,

[signature]

DOMINICK GIAMPAOLO

R04860

(Handwritten Duplicate)

2-07-0629

IN THE APPELLATE COURT OF ILLINOIS

SECOND JUDICIAL DISTRICT

| | | |
|---|---|---|
| Dominick Giampaolo | ) | Appeal from the Circuit Court |
| Appellant-Petitioner | ) | 22nd Judicial Circuit |
| Vs. | ) | McHenry County, Illinois |
| People of the State of Illinois | ) | Circuit Court No. 98 CF 1187 |
| Appellee-Respondent | ) | The Honorable Judge |
| | ) | Sharon Prather Presiding |

NOTICE OF FILING APPELLANTS BRIEF

To: Martin P. Moltz
Deputy Director
States Atty. App. Pros.
2032 Larkin Ave
Elgin, IL. 60123

To: Clerk of the Appellate Court
Appellate Court Building
55 Symphony Way
Elgin, IL. 60120

PLEASE TAKE NOTICE that on Dec 15, 2007, I caused the following to be filed with the Clerk of the APpellate Court, Second District in Elgin, Illinois, Appellants Brief, 3 copies of which are attached and served upon you.

Dominick Giampaolo
Appellant, Pro-se

Dominick Giampaolo
R04860
Danville Corr. Ctr.
3820 East Main
Danville, IL. 61834

PROOF OF SERVICE BY MAIL

I, Deborah Leardi, a non-attorney, on oath and under penalty of perjury as provided by sec. 1-109 of the Code of Civil Procedure, state that I have filed the APpellants brief with the Clerk of the Appellate court by placing the original and 9 copies in a prepiad envelope addressed as above, and mailed 3 copies to the attorney of record as shown above, and placed them in the U.S. mail located in Lisle,IL on December 17, 2007.

Deborah Leardi

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dominick Giampaolo )
Plaintiff )
Vs. ) Case No. ______
Terry McCann;Lt. Douglass;Lt. Nurse )
Officer Joseph, Officer Hopkins; ) The Honorable Judge
Lt. Garby; Officer Egbe; Officer Bush) ______ Presiding
Officer Hester;Lt. Jackson; )
Officer Hawk;Lt. Franklin; Lt. Wright)
Officer Phelps, Medical Technician )
White; Medical Technician Bob (LNU) )

NOTICE OF FILING

To; Prisoner Correspondence
United States District Court
Northern District of Illinois
219 S. Dearborn
Chicago, IL. 60604

PLEASE TAKE NOTICE that on Dec 15, 2007 the Plaintiff, Dominick Giampaolo, caused the following to be filed with the Clerk of the Court United States District Court, in Chicago, IL the following pleading.

COMPLAINT UNDER THE CIVIL RIGHTS ACT
MOTION AND AFFIDAVIT IN SUUPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

Dominick Giampaolo
Plaintiff, Pro-se

Dominick Giampaolo
R04860
Danville Corr. Ctr.
3820 East Main
Danville, IL. 61834

CERTIFICATE OF SERVICE

I, Deborah Leardi, a third party, hereby certify that the proper number of the foregoing pleadings have been mailed to the Clerk of the Court by enclosing them in envelope(s) with first class postage prepaid, and placing them in the U.S. mail located in Lisle, IL on this 17 day of December , 2007. This certificate is made under penalty of perjury, 28 USC 1746 and 18 USC 1621.

Signed this 17 day of December, 2007.

Deborah Leardi