IN THE UNITED STATES DISTIRCT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dominick Giampaolo )
        Plaintiff )
   vs. ) Case No. 07 C 7154
Terry McCann et. al. ) The Honorable Judge
        Defendants ) John W. Darrah Presiding

## NOTICE OF FILING

To : Atty. Austin Franklin
    Asst Atty General
    100 West Randolph St, 13th Fl
    Chicago, IL 60601

PLEASE TAKE NOTICE that on July 31, 2008, the Plainitff Dominck Giampaolo caused the following to be filed with the Clerk of the Court, US District Court, Chicago, IL, the following attached documents which are hereby served upon you;

RESPONSE TO DEFENDANTS MOTION TO DISMISS PLAINITIFFS COMPLAINT

                                                     Dominick Giampaolo

Dominick Giampaolo
R04860
Danville Corr. Ctr
3820 East Main
Danville, IL. 61834


## CERTIFICATE OF SERVICE

   I, Dominick Giampaolo, a non-attorney, hereby certify that the proper number of the foregoing documents have been mailed to the parties named and listed above and to the Clerk of the COurt, by placing themin the U.S. mail in envelopes with proper postage prepaid, located at the Danville C.C. in Danville, IL on July 31, 2008. This certificate being made under penalty of perjury pursuant to 28 USC 1746 and 18 USC 1621.

Signed this 31st day of July, 2008.

                                                     Dominick Giampaolo

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dominick Giampaolo )
        Plaintiff )
vs. ) Case No. 07 cv 7154
Terry McCann, et. al. ) The Honorable Judge
        Defendants ) John Darrah Presiding

FILED
AUG 05 2008
AUG 05 2008
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

**RESPONSE TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

NOW COMES the Plainitff, Dominick Giampaolo, Pro-se, and in response to Defendants Motion to Dismiss states as follows;

## INTRODUCTION

The Plaintiff files the following response while his Motion for Sanctions is still pending. Plaintiff hereby reserves the right to add to and/or refile depending on the outcome of that motion.

Defendants, through counsel, have brought claims that are not based in fact, cited authority with the deliberate intent to mislead the Plaintiff and this court, and made conlusatory statements that have no plcae in a motion to dismiss. It does not supreise the Plaintiff that defense cousnel has no regard for truth or proper procedure considering the improper tactice he has thus far used in this case.

Plaintiff will prove this court was proper in it§1915 ruling, that the Stateville personnel violated his constitutional rights, clearly established rights, and that they are not immune to money damages or liability in this claim.

## RESPONSE TO ANALYSIS

The Defendants pleadings are rather confusing since they are based on conjecture and misquoted or applied case law. Plainitff will attempt to reply using the same numerals and abbreviate the headings from the Defendants motion in order to help clarify this response.

## I. UNRELATED CLAIMS

Plaintiff first must state for the record that any objection to the courts ruling should have been appealed within the proper timeframe. The time for appealing the decision is now past and time barred.

In the alternative and in the unlikely event that this objection is overlooked the Plainitff states as follows;
  A) The case of George v. Smith 507 F3d 605 (7th 2007) was decided on November 9, 2007. The mandate for that case would have issed on December 24, 2007. The Plaintiff filed his complaint on Decemeber 20, 2007. Therefore George, Id wold not apply; If, in arguendo that is not apllied Plainitff states as follows;
    B) This case is clearly a 'conditions of confinement case' in such a case the totality of the conditions must be considered. All the claims in this complaint would show the totality of the conditions. THe court in Demallory v. Cullen, 855 F2d 422(7th 1998) states the court need look at all the conditions;
    C) The Plaintiff was brought on court writs at the Stateville Corr. Ctr and while there the series of occurances detailed in the complaint occurred which all have in common the laws of constitutional rights violations.

### I. Unrelated Claims (Cont.)

C) (Cont.)..
Under Rule 20(a) states- "all persons...may be joined in one action as defendants if there is asserted against them jointly, severally, OR in the alternative, ANY right to relief in respect of OR arising out of the same transaction, occurance, OR series of transactions OR occurrance and if any question of law OR fact common to all defendants will arise in the action"

D) Plaintiffs pleadings have the common fact that all Defendants are employed by the Illinois Department of Corrections (hereinafter 'IDOC") at the Stateville Corr Ctr, all violated the Plaintiffs consitutional rights, and all work under the supervison of Warden Terry McCann.

E) Defendants claim that Plainitff did this to save money is absurd, uneducated, and has no basis in fact. As Defendant points out in his mud slinging introduction the Plainitff has MANY lawsuits with 3 active, including this one. Plainitff at MOST regardless of how many lawsuits has deducted 20% of his previous months income. If Plainitff had 1,000 lawsuits the % would not change, it is regulated by statute. Plainitff ataches the last printout of the money owed these suits as Exhibit A. Plainitff attaches his affidavit in support as Exhibit B.

Therefore the Defendants claims as to George v Smith, Id fail as a matter of fact and law for resaons stated herein.

### II. FAILS TO STATE A CLAIM, PILLOW

Plaintiff would first like to point out that the Defendant does not raise the medical issues, see Pl. claim #1, had Plainitff been properly treated and diagnosed the proper medication would have been available and the Plaintiff could have told the medical staff.

Plaintiff asked each of the Defendants named in calim #4 for a pillow and told them he was in pain due to his bad back, see attached affidavit Exhibit B. As in claim #1 they refused to contact any medical staff.

For a claim to be considered 'deliberately indifferent' there must be unecessary and wanton infliction of pain. Amoung those are those that are totally without penological justification. Wilson v. Seiter, 501 US 294

The Defendants actions had no justifiable penalogical purpose. Pillows were available and yet they refused to give them to the Plaintiff.

The Defendants showed they refused to prevent or eleviate the harm Plainitff was experiencing which shows deliberate indifference. Duane v. Lane, 959 F2d 673 (7th 1992)

The back pain is a sufficiently serious medical need that even a lay person would know needed treatment. It satisfies the objective component. The fact they disregarded Plainitffs requests shows they wanted the Plainitff to suffer harm, they disregarded the complaint. A prisoner need not show he was literally ignored, but Plaintiff was all but ignored. Greeno v. Dalet, 414 F3d 645 (7th 2005)

If Defendant had actually read the whole complaint tey would know that the medicl staff did not give Plainitff even his prescription medication.

### III. UNINTERRUPTED SLEEP

Defendant again seems to have not read the Plaintiffs complaint. The

### III. Uninterrupted Sleep (Cont.)

The Defendants claim in the MOtion that Plainitff plead facts that show the Defendants actions did not create an excessive risk to his health or safety.

This is completley false, see Pl. complaint #3, which states; "AS A DIRECT RESULT of officers Joseph, Egbe, Hawk, bush and Lts Douglass Nurse, Garby, and Jackson, and Franklin inactions to the noise continued day and night, I could barely sleep and my stress related conditions; ulcer, migraines, and IBS were aggravated causing severe pain and suffering thus violating my 8th amendment rights against cruela and unusual punishment"

That is a proper pleading. Again the totality of conditions must be considered. In claim #1, ignored by Defendants, the Plainiff had a ruptured ear drum. Noise effects the pain level of ears.

Defendants reliance on Byrd v Brannigan is misplaced, (2000 WL 88689) in that case the Plainitff provided no proof whatsoever to rebut defendants affidavits and the duration of the discomfort was only ½ hr NOT 28 days as in case at bar..

Defendants reliance on Mason v Shehan is even more misplaced (1993 WL 376218, ND Ill). That case states in relevant part;
"it is well established that prison conditions that 'deprive inmates of the minimal civilized measure of life's necessities' rise to the level of crueal and unusual punishment even if the conditions do NOT result from the intentional conduct of the prison officials." Williams needed "to prove that the conditions were so bad that they constituted cruel and unusual punishment. Allegations of severely unclean conditions have been found to state a claim for a violation of the 8th amendment. With respect to unclean conditions, Willliams allegations SURVIVE the motion to dismiss."

The noise in Mason, ID was 'occasional and minor' and the claim failed. The noise in case at bar was excessive and constant. The noise from the officers banging serves no legitimate penalogical purpose. Letting all the inmates shout and bang serves no purpose either.

As in Mason, id at 104. This argument is misplaced in a motion to dismiss because the sole question at this junction is whether relief is possible under ANY set of facts that could be established consistent with the allegations..

THe 7th circuit found in Antonelli v. Sheahan that 'noise occurred every night, often all night, interrupting or preenting his sleep' and concluded that the complaint states a claim under the 8th amendment. Antonelli v. Sheahan, 81 F3d 422 (&th 1996)

The court in Lewis v. Lane, 816 F2d 1165 (7th 1987) stated about bar-banging; "Thus is the prison administrators used an otherwise legitimate security measure in a manner designed to harras prisoners, the 8th amendment might be implicated." There the court remanded after the lower court summarily judged against the Plaintiff.

The case of Guiterez v. Peters, 111 F3d 1364 is very dispositive to case at bar and will settle many issues;
 "denial of pain medication as prescribed stated an 8th amendment
  claim (westlake v. Lucas, 537 F2d 857 reversing Rule 12(b)(6) where
  complaint allefed tht inmates requests for treatment of stomach
  pain and abdominal distress to bleeding ulcer were refused)"
 "Jailers refused to give inmate ice packs or aspirin"
Plaintiffs claims of little or no sleep causing the medical problems are sufficient to state a claim.

## IV. PERSONAL PROPERTY CLAIM

Once again Defendants seem to have not read the Plainitiffs complaint. The complaint #5 is not just aproperty issue. It is a cell conditions issue and as stated previously herein that alone stae a viable claim for 8th amendment violation.

The Defendants think that 28 days without books or any distractions is a 'brief' period of time. Other inmates are on writs for over 6 months..

The equal protection argument raised therein is valid as the denial of the books, etc must serve some legitimate penalogical interest. It does not. No logic would conclude that 'writ guests' should be restricted more severely than a segregation inmate who has stabbed or killed an officer or inmate. Logic would conclude that such conditions would coerse an inmate to not want to be a writ guest and therefore abandaon court claims or not attempt to go to court.

Defendants reliance on Robinson v. Ill State Corr Ctr (stateville) concerns the Segregation inmates, NOT those not in segregation. IT is actually suppotive of Plaintiffs claims. Plainitff has a right to not be punished by IDOC wihtout due process and just cuase. The Plainitiff broke no rules and yet had his property and other privileges taken from him. The Plainitff can show these restriction are based onimpermissible faactors..

The Defendants ignoring of the cell conditions issue is more than enough reason to deny dismissal on this issue.

## V. 11TH AMENDMENT BAR

This claim made by defense counsel is deliberately misquoting the authoriteis he cites.

First the Plaintiff has sued the Defendants in their INDIVIDUAL and OFFICIAL capacities.

Second, Plaintiff is NOT suing the Illinois Department of Corrections directly.

In Sandville v. McCaughrtyr, 266 F3d 724 (7th 2001) the court found
"the guards' liability is not premised upon the acts or omissions of the medical professionals, it is premised upon their own deliberate indifernce to Matts condition."

"Qualified immunity protects government officials from individual liability under section §1983 for actions taken while performing discretionary functions, UNLESS their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."

The Plaintiff calims are all Constitutional violations are therefore defendants are NOT entitled to qualified immunity.

The reliance on Pennhurst v. Haldeman, 465 US 89 is also a misleading comment. that case clearly says;
"a suit challenging the constitutionality of a state official's actions is not one against the state." at 102
"sovereign immunity does not apply beacuse an official who acts unconstituionally is 'stripped of his official or representative character'"
Kroll v. Board of Trustees of Univ of Illinois states;
"Under an exception to the general rule however, official capacity actions may not be barred by the eleventh amendment insofar as the request prospective relief- i.e., an injunction or a declatory judgment and monetary damages that are 'ancillary' to either."

### V. 11TH AMENDMENT BAR

Thus for reasons stated herein the Defendants can not be barred from damages or liability.

### CONCLUSION

The Defendant did not address the medical issues in Plaintiffs claim #1, the illegal strip search inclaim #2, or the claim #6. The claims should be allowed to proceed.

The Plainitiff has shown facts sufficient to present a claim and thus the Motion to dismiss should be denied.

The Plainitff asks this court to enter an order to deny Defendants Motion to Dismiss and for the costs of defending this motion. See attached exhbibt B. The Plainitff further asks for any other relief as this court deems fit and proper.

Respectfully Submitted,

Dominick Giampaolo
R04860
Plaintiff, Pro-se
Danville Corr. Ctr
3820 East Main
Danville, IL. 61834

### VERIFICATION/DECLARATION

I, Dominick Giampaolo, a non-attorney, declare under oath and under penalty of perjury, that the statements set forth herein are true and correct to the best of my knowledge and belief. This declaration being made under 28 USC 1746 and 18 USC 1621 this 31st day of July, 2008.

Dominick Giampaolo

EXHIBIT A

Page 1

# Danville Correctional Center
## Trust Fund
### Furlough/Restitution Report

Date: 12/18/2007
Time: 1:21pm
d_list_furlough_restitution

REPORT CRITERIA - Inmate: R04860;   New page for each inmate? : No;   Include Zero Balances? : Yes;   Furlough / Restitution Type: 73 Court Ordered Fees;   Report Type: Detail Line;   Sort Order: Inmate Number;   Status: All

| Inmate | ID# | Vendor | | Transaction Type | Date | Amount | Balance |
|---|---|---|---|---|---|---|---|
| R04860  Giampaolo, Dominick | | 1766 | U.S. District Court : Clerk | 73 Court Ordered Fees | 08/10/2007 | 350.00 | 328.90 |
| Housing Unit: DAN-01-A -56 | 5634 | | Detailed History: 1 | Beginning Balance | 08/10/2007 | 350.00 | 350.00 |
| | | | 6 | Lump Sum Payment | 08/10/2007 | 11.10 | 338.90 |
| | | | 3 | Payment | 08/17/2007 | 2.00 | 336.90 |
| | | | 3 | Payment | 09/13/2007 | 2.00 | 334.90 |
| | | | 3 | Payment | 10/12/2007 | 2.00 | 332.90 |
| | | | 3 | Payment | 11/16/2007 | 2.00 | 330.90 |
| | | | 3 | Payment | 12/13/2007 | 2.00 | 328.90 |

Payment Instructions: 20.00 % with 0.00 minimum balance.

| R04860  Giampaolo, Dominick | | 5424 | Clerk, United States District Ct | 73 Court Ordered Fees | 08/28/2007 | 187.50 | 179.50 |
|---|---|---|---|---|---|---|---|
| Housing Unit: DAN-01-A -56 | 5649 | | Detailed History: 1 | Beginning Balance | 08/28/2007 | 187.50 | 187.50 |
| | | | 3 | Payment | 09/13/2007 | 2.00 | 185.50 |
| | | | 3 | Payment | 10/12/2007 | 2.00 | 183.50 |
| | | | 3 | Payment | 11/16/2007 | 2.00 | 181.50 |
| | | | 3 | Payment | 12/13/2007 | 2.00 | 179.50 |

Payment Instructions: 20.00 % with 0.00 minimum balance.

| R04860  Giampaolo, Dominick | | 1439 | U.S. District Court:Clerk | 73 Court Ordered Fees | 08/28/2007 | 346.19 | 338.19 |
|---|---|---|---|---|---|---|---|
| Housing Unit: DAN-01-A -56 | 5650 | | Detailed History: 1 | Beginning Balance | 08/28/2007 | 346.19 | 346.19 |
| | | | 3 | Payment | 09/13/2007 | 2.00 | 344.19 |
| | | | 3 | Payment | 10/12/2007 | 2.00 | 342.19 |
| | | | 3 | Payment | 11/16/2007 | 2.00 | 340.19 |
| | | | 3 | Payment | 12/13/2007 | 2.00 | 338.19 |

Payment Instructions: 20.00 % with 0.00 minimum balance.

| R04860  Giampaolo, Dominick | | 1439 | U.S. District Court:Clerk | 73 Court Ordered Fees | 08/28/2007 | 345.40 | 338.01 |
|---|---|---|---|---|---|---|---|
| Housing Unit: DAN-01-A -56 | 5651 | | Detailed History: 1 | Beginning Balance | 08/28/2007 | 345.40 | 345.40 |
| | | | 3 | Payment | 09/13/2007 | 2.00 | 343.40 |
| | | | 3 | Payment | 10/12/2007 | 2.00 | 341.40 |
| | | | 3 | Payment | 11/16/2007 | 1.39 | 340.01 |
| | | | 3 | Payment | 12/13/2007 | 2.00 | 338.01 |

Payment Instructions: 20.00 % with 0.00 minimum balance.

Final Total    1,184.60

EXHIBIT B

AFFIDAIVT OF DOMINICK GIAMPAOLO

I, Dominick Giampaolo, being competent to make this declaration state the following to be true and correct to the best of my knowledge and belief;

1. That I am the maker of this affidaivt.

2. That I did not put multiple claims inthe lawsit to save money.

3. That I told all the officers listed in claim #4 that I had a bad back and needed a pillow.

4. That the cost of copies/ mail to defend this motion was appx. $35.

I make this affidavit and declaration under oath and penalty of perjury pursuant to 28 USC 1746 and 18 USC 1621.

Signed this 27th day of July, 2008

Dominick Giampaolo
R04860
Danville Corr Ctr
3820 East Main
Danville, IL. 61834