IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINICK GIAMPAOLO #R04860, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.07 C 7154 |
| | ) | Judge John W. Darrah |
| TERRY McCANN et al. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

### RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

NOW COME the Defendants, TERRY McCANN, JOHNNIE FRANKLIN, LEONARD GARBS, CLARENCE WRIGHT, ROBERT CATTANEO, PEGGY HESTER, JEFFREY NURSE, CHARLES PHELPS, LT. JACKSON, MICHAEL HOPKINS, CLARENCE EGBE, JENINE DOUGLAS, SEYMOUR WHITE, LESTER HAWK, ANTHONY BUSH and KRUT JOSEPH, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and submit their response to Plaintiff's Motion for sanctions.

On July 21, 2008, Dominick Giampaolo filed a motion for sanctions and default judgment against the Defendants in this case. Subsequently on August 5, 2008, this honorable court denied Giampaolo's motion for default judgment and ordered the Defendants to file a response to Giampaolo's motion for sanctions. The Defendants will attempt to address each of the allegations contained in Giampaolo's latest motion in a concise manner.

Giampaolo's first contention is that the Illinois Department of Corrections violated the Health Insurance Portability and Accountability Act (HIPAA). Specifically, Giampaolo alleges that he is concerned that the Attorney General's Office is using undue influence by conspiring with

workers of the Illinois Department of Corrections (IDOC) to illegally obtain privileged information. *See,* (Motion For Sanctions and Default Judgment, ¶ 2, par. 13). Giampaolo asserts that the Illinois Department of Corrections should have sought his approval before sending out their Rule 26(a)(1) disclosures to the Attorney General's office because his medical records were enclosed in the disclosures.

Giampaolo is also concerned with the fact that the Litigation Coordinators for both Stateville and Danville Correctional Centers were allowed to make copies of his medical records in preparation for sending them to him. *See,* (Motion For Sanctions and Default Judgment, ¶ 1, par. 9). Giampaolo believes that IDOC Litigation Coordinators are not privy to such information and that they would also need to have him sign a waiver in order to be able to make copies of his medical file. Giampaolo believes that by having the Illinois Department of Corrections submit their Rule 26(a)(1) disclosures to their attorneys without first obtaining his approval to disclose medical records prejudiced the other three cases he has pending in the Northern District.

In the present case, the IDOC did not violate the provisions of HIPAA. The Act contains several exceptions for entities such as the IDOC which provides that certain entities do not need to obtain a waiver if the request is part of ligation or for some other lawful process. The HIPAA act is codified in the Code of Federal Regulations (CFR's). 45 C.F.R. § 164.512 "Disclosures for Judicial and Administrative Proceedings" deals with this issue specifically. Moreover, HIPAA also states that those who work for entities such as the IDOC are considered workforce and are allowed to handle such documents without first obtaining a waiver. *See*, 45 C.F.R. § 160.103 (11). Litigation Coordinators and Records Office personnel are considered part of the IDOC's workforce and are therefore allowed to perform their administrative duties without first obtaining approval from

Giampaolo.

Moreover, this honorable court entered a minute order on May 1, 2008 ordering the Defendants to send Giampaolo their Rule 26 (a)(1) disclosures before May 30, 2008. *See*, (Court Docket, Document 33). The disclosures were sent directly to Giampaolo by the attorneys who represent the IDOC before the May 30 deadline. Giampaolo also concedes in his Complaint that the named Defendants were already in possession of his medical file. (Cmpl., ¶ 1, par. V. Statement of Claim, par. 1). Furthermore, Giampaolo remains in the custody of the IDOC and is under the care and control of the IDOC and the IDOC is the custodian of his medical records.

It should also be noted that Giampaolo attached over 10 pages of his medical records to his complaint as exhibits and filed them electronically on the federal filing website making them pubic record. (Cmpl., Exhibits A-1 through A-11). In addition, Giampaolo filed an additional three pages of his records on the federal filing website when he filed his "motion for sanctions and default judgment", once again making his records public record. *See*, (Motion For Sanctions, Exhibits C-2 through C-4).

In sum, the Defendants are not conspiring with attorneys from the Attorney General's Office to prejudice the three cases that Giampaolo currently has pending in the Northern District. Neither has the IDOC or their attorneys violated any provision set forth in HIPAA.

Giampaolo's next argument is that Assistant Attorney General (AAG) Jim Doran purposely misled him into believing that this case could be resolved through settlement. However, both AAG Doran and the Defendants genuinely believe that the claim(s) that survives the Defendants' Motion to Dismiss could be resolved through a settlement agreement and have therefore continued to work on resolving this matter through the settlement process. AAG Doran drove well over 6 hours to both

meet and discuss the possibility of settlement with Giampaolo at the Danville Correctional center. *See,* (Motion For Sanctions and Default Judgment, ¶ 1, par. 3). Upon AAG Doran's return to the Attorney General's office; Giampaolo's settlement demands were given to the Illinois Department of Corrections and are currently being assessed. Giampaolo's settlement demand contains well over 13 separate things that he would like to receive in order to resolve this matter through settlement and all of which requires a determination of his eligibility for such privileges. The IDOC is currently looking into whether he is eligible to receive several of the demands contained in his initial demand letter and this process will take some time to complete.

Moreover, the Defendant's Motion to Dismiss does not aim to dismiss all of Giampaolo's claims. The Defendants anticipate that at least one of Giampaolo's claims will survive the Defendants' Motion to Dismiss and are therefore continuing to explore settlement as an option for resolving the remaining claim(s).

WHEREFORE, for the foregoing reasons, Defendants request that the Court deny the Plaintiff's motion for sanctions.

| | | |
|---|---|---|
| LISA MADIGAN | | Respectfully submitted, |
| Attorney General of Illinois | By: | s/Austin E. Franklin |
| | | AUSTIN E. FRANKLIN |
| | | JAMES P. DORAN |
| | | Assistant Attorneys General |
| | | General Law Bureau |
| | | 100 West Randolph Street, 13th Fl. |
| | | Chicago, Illinois 60601 |
| | | (312) 814-3700 |