IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINICK GIAMPAOLO #R04860, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.07 C 7154 |
| | ) | Judge John W. Darrah |
| TERRY McCANN et al. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, TERRY McCANN, JOHNNIE FRANKLIN, LEONARD GARBS, CLARENCE WRIGHT, ROBERT CATTANEO, PEGGY HESTER, JEFFREY NURSE, CHARLES PHELPS, LT. JACKSON, MICHAEL HOPKINS, CLARENCE EGBE, JENINE DOUGLAS, SEYMOUR WHITE, LESTER HAWK, ANTHONY BUSH and KRUT JOSEPH, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and hereby Reply to Plaintiff's Response to Defendants' Motion to Dismiss as follows:

**INTRODUCTION**

On December 20, 2007, Plaintiff, Dominick Giampaolo filed a complaint with this court alleging that sixteen employees of the Illinois Department of Corrections (hereinafter "IDOC") violated his constitutional rights. Giampaolo is currently incarcerated in the Danville Correctional Center and is serving a ten year sentence for criminal sexual assault and solicitation for kidnaping. The present action is the fifth Federal lawsuit that Giampaolo has filed within the last three years. Giampaolo's most recent Complaint is being brought pursuant to 42 U.S.C. § 1983.

In the present case, the allegations contained in Giampaolo's complaint stem from his short time as a Writ Guest at the Stateville Correctional center from April 18, 2007 to May 2, 2007 and from May 23, 2007 to June 6, 2007, a total of 30 days. (Cmpl., ¶ 4, par. 1). On July 11, 2008, the sixteen defendants, which include Terry McCann, Johnnie Franklin, Leonard Garbs, Clarence Wright, Robert Cattaneo, Peggy Hester, Jeffrey Nurse, Charles Phelps, Lt. Jackson, Michael Hopkins, Clarence Egbe, Jenine Douglass, Seymour White, Lester Hawk, Anthony Bush and Krut Joseph filed a Motion to Dismiss Giampaolo's Complaint. On August 5, 2008, Giampaolo filed a response to the Defendants' Motion to Dismiss and Defendants now submit their reply in support of their Motion to Dismiss.

### ARGUMENT

**I.  Giampaolo's Complaint must be dismissed because he has filed a Complaint containing at minimum three unrelated claims against sixteen Defendants in violation of the Federal Rules of Civil Procedure. Pursuant to both the Federal Rules of Civil Procedure and *George* his Complaint should be dismissed.**

Giampaolo's argument in opposing the Defendants' Motion to Dismiss is that the Defendants failed to make a timely objection to Giampaolo's improper Complaint and that George v. Smith, 507 F.3d 605 (7th Cir. 2007) was decided after Giampaolo filed his Complaint, thereby allowing Giampaolo to file a Complaint containing unrelated claims against different defendants. Both of these arguments are without merit. First, Giampaolo's contention that the Defendants did not object to his improper Complaint in a timely fashion is baseless and Giampaolo fails to support this argument with any case law or rule. The Defendants submitted their Motion to Dismiss on July 11, 2008 which was the proper time and appropriate place to make their arguments.

Moreover, Giampaolo's argument that the Seventh Circuit decided George after Giampaolo

filed his Complaint is both wrong and irrelevant. Federal Rules of Civil Procedure 18(a) and 20(a) were established well before Giampaolo filed his Complaint containing unrelated claims against different defendants. Further, Giampaolo concedes in his Response that George was decided before he filed his Complaint. (Giampaolo Resp., ¶ 1, par. I). Regardless of Giampaolo's interpretation of George, the Federal Rules require that unrelated claims against different defendants be brought in different lawsuits. *See*, Fed.R.Civ.P. 18(a), 20(a).

Furthermore, Giampaolo's argument that he wants the court to examine his Complaint under the totality of the circumstances is also an unavailing argument because Giampaolo has filed a Complaint containing several separate and distinct claims against different Defendants. In George, the Seventh Circuit affirmed the District Court's decision in dismissing the Plaintiff's case stating that "George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants". Id at. 605.

Similar to the facts set forth in George, Giampaolo has also failed to make any effort in showing that the 16 defendants he named in his Complaint had participated in the same transaction or series of transactions or that a question of fact is common to all of the named defendants. Giampaolo actually concedes in his Response to Defendants' Motion to Dismiss that the only common facts among the Defendants is that they are employed by the Illinois Department of Corrections and work at the Stateville correctional center where Terry McCann is the Warden. (Giampaolo Resp., ¶ 2, par. D). In George the Plaintiff also prepared a Complaint naming Defendants that all worked at the correctional center where he was housed and the Seventh Circuit found that this fact was not sufficient to create a question of fact common to all defendants. *See*,

George v. Smith, 507 F.3d 605 (7th Cir. 2007).

## II.    Giampaolo being denied a pillow does not amount to a Constitutional violation.

Giampaolo's argument that the Defendants violated his civil rights when they denied him a pillow is without merit. Giampaolo continues to argue that there was no penological justification for the Defendants to deny him a pillow and that their actions or inactions constituted deliberate indifference. However, the experience that Giampaolo describes does not meet the objective nor the subjective prong of the deliberate indifference analysis set forth in Wilson v. Seiter, 501 U.S. 294 (1991). Giampaolo's Complaint fails to describe a situation where the deprivation was sufficiently serious to warrant an Eighth Amendment violation. The denial of a pillow does not pose an excessive risk to an inmate's health or safety absent some other critical factor, which in this case Giampaolo fails to provide.

Moreover, it should be reiterated that Giampaolo named eleven correctional officers as the individuals that denied him a pillow, none of which belong to the Stateville medical staff or would have known about his alleged chronic back pain. The Seventh Circuit has continually held that non-medical officials cannot be held liable for reasonably relying on the medical judgment of professionals. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir.2005). If the Stateville medical staff did not find it necessary to issue Giampaolo a pillow the Defendants, all of whom are correctional officers, cannot be held liable for reasonably relying on the judgement of medical staff.

### III. Giampaolo being denied the 8 hours of uninterrupted sleep that he believes he needs every night does not amount to a Constitutional violation.

From the outset, the facts alleged in Giampaolo's Complaint must be examined in their proper context. Giampaolo was housed in the Stateville correctional center for 14 nights on his first visit to Stateville and another 14 nights on his last visit to Stateville; thereby totaling 28 nights as a writ guest inside of the Stateville correctional center. (Cmpl., ¶ 4, par. 1). Plaintiff was subsequently transferred back to the Danville Correctional center where he is presently incarcerated.

Further, Giampaolo concedes in his Complaint that the reason he could not sleep for eight uninterrupted hours was because Stateville staff performed head counts at 9:00 p.m., 11:00 p.m., 6:30 a.m., 12:00 p.m. and 3:00 p.m. and because he was served breakfast at 2:30 a.m. and lunch at 9:00 a.m.

Similar to Giampaolo's claim concerning the issuance of a pillow, this claim also does not meet the objective nor the subjective prong of the deliberate indifference analysis set forth in Wilson v. Seiter, 501 U.S. 294 (1991). Giampaolo's allegations that he was unable to obtain 8 hours of uninterrupted sleep fails to describe a situation where the deprivation was sufficiently serious to warrant an Eighth Amendment violation. In Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988), the Seventh Circuit held that inmates cannot expect the amenities, conveniences and service of a good hotel.

### IV. Giampaolo's Equal Protection argument concerning the opportunity for him to bring his magazines and books with him while traveling to other correctional facilities should be brought in a separate action.

Giampaolo is seeking to have this Court to order the Illinois Department of Corrections to change it's institutional policies concerning "Writ Guest." (Cmpl., ¶ 11, par. VI). Giampaolo alleges that it is unfair that general population inmates who are incarcerated in Stateville Correctional center are allowed to have their books, magazines, electronics, pens, envelopes and other personal property while at the same time he is denied these privileges because he is a temporary writ guest who will be leaving the facility in a brief period of time. (Cmpl., ¶ 10, par. 6). Giampaolo alleges that this rule violates his constitutional rights as it violates the equal protection clause of the Constitution and therefore seeks to have this rule changed.(Cmpl., ¶ 10, par. 6).

Giampaolo is attempting to raise an equal protection and retaliation claim against Defendant Terry McCann. This claim is another separate and unrelated claim against a different Defendant that needs to be brought in a separate action. This claim did not arise out of the same transaction or series of transactions as Giampaolo's other claims and more importantly the question of facts concerning this issue is not common to all of the named defendants.

In George, the Seventh Circuit held that "A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner." Id. at 607. In George, the Seventh Circuit reiterated that "unrelated claims against different defendants belong in different suits." Id. The Seventh Circuit reasoned that this rule must be followed so as to prevent the sort of morass that a Complaint like Giampaolo's 6-claim, 16-defendant suit produced. Id.

6

WHEREFORE, Giampaolo's claims concerning the issuance of a pillow and the right to 8 hours of uninterrupted sleep should be dismissed as frivolous. Any remaining allegations in his Complaint should be dismissed pursuant to <u>George</u>.

|  |  |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>By:  s/Austin E. Franklin<br>AUSTIN E. FRANKLIN<br>Assistant Attorney General<br>General Law Bureau<br>100 West Randolph Street, 13th Fl.<br>Chicago, Illinois  60601<br>(312) 814-3700 |