FILED

SEP 0 8 2008
SEP 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dominick Giampaolo )
Plaintiff )
vs. ) Case No. 07 C 7154
Terry McCann et. al. ) The Honorable Judge
Defendants ) John W. Darrah Presiding

07CV7154

NOTICE OF FILING

To; Atty Austin E. Franklin
100 West Randoplh St
13th Floor
Chicago, Ill 60601

To; Atty James Doran
100 West Randolph St
13th Floor
Chicago, Ill. 60601

Please TAKE NOTICE that on September 3rd, 2008, the Plaintiff Dominick Giampaolo casued the following to be filed with the Clerk of the Court, US Distirct Court, Nothern District of Illinois, Chicago, Il, the following which is hereby served upon you;

Plaintiffs Reply to Defendants Response to Plaintiff's Motion for Sanctions Motion for Preliminary Injunction

Dominick Giampaolo
Plaintiff, Pro-se

Dominick Giampaolo
R04860
Danville Corr. Ctr
3820 East Main
Danville, Il. 61834

CERTIFICATE OF SERVICE

I, Dominick Giampaolo, a non-attorney, hereby certify that the proper number of the foregoing documents have been mailed to the parties named and listed above and to the Clerk of the Court, by placing them in the U.S. mail in envelopes with proper postage prepaid, located at the Danville Corr.Ctr. in Danvile, Ill.on Sept 3rd, 2008. This certificate being made under penalty of perjury pursuant to 28 USC §1746 and 18 USC §1621. Signed this 3rd day of September, 2008.

Dominick Giampaolo

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED LCW

SEP 0 8 2008
SEP 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Dominick Giampaolo
Plaintiff,
vs.
Terry McCann et al.
Defendants.

Case No. 07 C 7154
The Honorable Judge
John W. Darrah Presiding

PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

NOW COMES the Plaintiff, Dominick Giamapaolo, Pro-se, inreply to the Defendants Response to Plaintiff's Motion for Sanctions;

The Defendants reply filed August 20, 2008 is misleading, as were his previous filings of record, and not on point.

The Defendants tries to excuse his ILLEGAL actions and that of the litigation coordinators of Danville Corr. Ctr and Stateville Corr Ctr by claiming that they are the 'workforce' of the Illinois Department of Corrections (hereinafter 'IDOC') and that they can make 'disclosures for administrative proceedings' (Def. Response p2, par 3). Both of these excuses are incorrect and do not protect them from sanctions and/or prosecution for there illegal activities.

First, "Disclosures for Judicial and Administrative proceedings' is defined in the code of Federal Regulations (CFR'S) 45 C.F.R.§164.512

In the Code it defines the 'Standard; Uses and disclosures required by law* In section (a)(2)-"A covered entity must meet the requirements described in paragraph (c),(e), or (f) of this section for uses or disclosures required by law.

In the section 45 C.F.R. §164.512(e)-(1)(ii)-

"(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if;

(A) The covered entity receives satisfactory assurance, as descibed in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking information that reasonable efforts have been made by such party to secure qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

The sections 'require' a good faith effort be made to first notify the Plaintiff (the affected party herein) and to seek a protective order to keep the information out of the public. The Defendants did NEITHER!

Instead the Defendants now try to use as an EXCUSE to their illegal activities the fact the Plaintiff had to attach a PEICE of his medical records as exhibits to his Motion for Sanctions. Defense counsel MOCKS the entire nature of the protections afforded by law through HIPPA in a flagrant disregard for the law and any 'good faith' litigating.

No Notice was given, no protective order sought, no permission by the Plaintiff given, no order of the court.

Fed. R. Civ. Proc 26(A)(1)(c) includes materials that are 'NOT PRIVILEGED OR PROTECTED FROM DISCLOSURES' and does NOT excuse defense counsels illegal actions which include ordering the litigations coordinators to provide the information, thus breaking the law.

As Defendants have for some unknown reason noted to the court the Plaintiff has several active lawsuits against IDOC. The Plaintiff is very familiar with the PROPER procedure for obtaining his medical records and the strict langusage of the protective orders filed by mor competant attorneys who understand and follow the HIPAA laws. Plaintiff therefore is very familiar as to what should have occurred in this case and the Defendants excuse as to this point of Administrative/Judicial Proceeding fails.

Second, the Defendant claims that the litigation coordinators are part of IDOC's workforce and are allowed to handle such documents without first obtaining a waiver. (Def. Resp. P2. par3).

This is also untrue and misleading for several reasons;

IDOC is NOT the health care provider and therefore is NOT a covered entity as described in the section relevant to this claim.

WEXFORD HEALTH RESOURCES, INC (hereinafter 'Wexford') is the health care service that is contracted by IDOC to provide the health care for inmates. They are the custodians of the protected health care information, by their own contract agreement, and IDOC personnell do NOT gain acces to inmates information by this association. In arguendo, a guard/officer is NOT privy to inmates health information. They may not be told or seek the inmates health information. Plaintiff can call officer witnesses to this fact. The litigation coordinators are NOT Wexford employees and have no right to the information by law as described in 45 C.F.R. §160.10.

The definition therein states;

"business associate: (1) Except as provided in paragraph (2) of this definition, business associate means, with respect to a covered entity, a person who;

"(2) A covered entity participating in an organized care arrangement... ...does not, simply through the performance of such function or activity or the provision of such service, become a business associate of other covered entities participating in such organized health care arrangement."

45 CFR 160.103(11)- "Workforce means employees, volunteers, trainees, and other persons whose conduct, in the performance of work for a covered entity, is UNDER THE DIRECT CONTROL OF SUCH ENTITY"

The Litigation coordinatores AND defense counsel Franklin work for IDOC and NOT Wexford. Plaintiff is familiar with the lawfirm that represents Wexford and through discovery with them is also familiar with what documents IDOC has a right to and what documents Wexford and their employees has in their posssesion and controal. The litigation coordinators and Defense counsel are NOT the workforce of Wexford and are NOT under their direct controal and no immunity/excuse exists. This defense presented by the Defendants fails.

The Code (45 CFR 160.103) also defines various reasons for disclosures all of which subject to the aforemention notification and/or court order.

The Section (1)(i)(A) includes 'data analysis' which by definition therein would NOT include the Plaintiffs medical files or mental health files. Section 164.501 of that code described 'health care operations' and covered functions. NONE listed includes a patients medical files as were sought and provided by the Defense in this case.

The Plaintiff has, a great expense of time and resources, read the HIPPA act and the Defendants excuses are insufficient to defend against their illegal activities in this case.

The PATHETIC attempt to excuse thier behavior by claiming the Plaintiff has now made the records public is absurd and shows the BAD FAITH actions taken by the ttorney Generals office in litigation against inmates. The continuous misleading information and pleadings of thier office is a regular occurance and as Plaintiffs other litigation is public record it can easily be assesed to support this contention. Plaintiff has found that the attorney generals office regularly misquotes cases, the law, facts, and documents as Plaintiff has filed similar motions in those cases as well. This not being the proper docement fo rsuch details the Plaintiff would none-the-less note that there are many published cases against parties who violate the HIPPA laws.

The Plaintiff also notes that the A.A.G. Austin Franklin does NOT defend his actions in obtaining these documents but only the actions of the litgation coordinators. His response is therefore waived. The actions of the coordinators were by his instruction and even if that was somehow sufficient to excuse them it does not excuse him. The coordinators should have known that the information was privileged and obatined proof of the waiver or court order. What occurred will be a matter for a jury in some other future lawsuit of which Plaintiff fully intends to file upon the resolution of this motion.

As to the deception of Assistant Attorney General James Doran. He clearly did NOT resolve the dispute in 30 days. That is a fact. The idea that the Plaintiff will be willing to negotiate AFTER surviing the Motion to Dismiss is also absurd. What would possibly be the Plaintiffs motivation to come to a settlement AFTER surviing a motion to dismiss. That is speculation on the defense counsels part and NOT a defense to the FACT of what the Plaintiff was told.

To assume that Plaintiff would want to avoid a trial after his rights to privacyy were blatently violated and then MOCKED by defense counsel is a very large assumption indeed. Plaintiff is familiar now with the long process of discovery, when done properly, and is very very motivated to stop the torture of inmates by the hands of Stateville C.C. while on court writs. Plaintiff has suffered PERMANENT hearing loss do to the actions of those defense counsels seeks to defend. To assume any settlemt is now possible after the illegal actions of defense counsel Franklin is almost nonsensical. He may be used to walking all over inmates rights and the law but THIS Plaintiff will do everything possible to be sure someone is notified of the illegality of his actions even if ultimately policies and the law are not changed to prevent such actions before they occur.

In a further misleading act the defense contends that the Plaintiff asks for 13 different things in settlement. For example the Plaintiff presents that 2 of these are 'a clean mattress and pillow'. How is this needing the approval of IDOC to see if Plaintiff is 'eligible' when by law they are to be provided by IDOC EACH year but NEVER are. Plaintiffs 'list' includes things that are supposed to be given anyway and were presented in response to Mr. Dorans complaint that they dont want to be continusly sued. Thus Plaintiff included itms that he is supposed to get by law so that he does not have to sue IDOC over those items in the future. Such as another item proposed, filling for Plaintiffs teeeth that have been denied for 3yrs.

Not quite an issue for 'eligibility' as portrayed in the Defendants respnse. Plaintiff was being reasonable and despited the defenses attempt to paint a different picture to the court the Plaintiff is trying to AVOID future litigation. As stated to Mr. Doran many times if IDOC just follows the law in regards to the Plaintiffs there will be no more litigation.

Plaintiff therefore encourages this court to look at the HIPPA act and the rights clearly established in that Code in determining this issue.

Plaintiff again reiterates that he is without the means or knowhow to bring any charges against the offending parties for the violation of his rights and asks for counsel in that regard and/or that the proper authorities be contacted so a complaint can be filed.

WHEREFORE, Plaintiff, for the foregoing reasons and those contained in his MOTION FOR SANCTIONS, prays this honorable court grant the relief requested in his Motion for Sanctions and for any other and further relief as this court deems fit and proper.

Respectfully Submitted,

Dominick Giampaolo
R04860
Danville Corr. Ctr
3820 East Main
Danville, IL. 61834

VERIFICATION

I, Dominick Giampaolo, a non-attorney, hereby state and affirm under oath and under penaltyof perjury that the statements set forth herein are true and correct to the best of my knowledge and belief. This certificate being made pursuant to 28 USC §1746 and 18 USC §1621.

Signed this 3rd day of September, 2008.

Dominick Giampaolo