# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOMINICK GIAMPAOLO (#R-04860) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 7154 |
| ) | |
| TERRY McCANN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by: (1) acting with deliberate indifference to his serious medical needs (denying him prescribed medication, failing to provide him with a special diet, refusing to honor his low bunk permit, placing him in a cell with a smoker despite his allergy to environmental tobacco smoke, and failing to treat a ruptured ear drum); (2) subjecting him to a humiliating and overly invasive strip search (conducting the search, which included a full body cavity search, in full view of eighty other inmates, despite the plaintiff's objections on grounds of privacy and religious beliefs); (3) exposing him to cruel and unusual conditions of confinement (performing the strip search on a floor so dirty that the plaintiff contracted athlete's foot as a result of being barefoot on the floor; additionally, creating or allowing such a noisy environment that the plaintiff was unable to sleep uninterrupted for more than three hours a night); and (4) denying him due process and equal protection (subjecting him to punitive conditions of confinement that were more harsh for the plaintiff, who was housed at Stateville on a court writ, than for any maximum security inmate who would normally be confined to that facility). This matter is before the court for ruling on the defendants' motion to dismiss. For the reasons stated in this order, the motion is granted. The plaintiff must

submit an amended complaint limited to a single claim [or multiple claims asserted against a single defendant].

The plaintiff has misjoined claims and defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, the plaintiff has numerous complaints in connection with two brief stays on a "guest writ" at the Stateville Correctional Center. Pursuant to *George*, the court should have pruned the complaint on initial review. Although the instant complaint is less extreme than the sprawling complaint repudiated in *George*, dismissal under Fed. R. Civ. P. 18 and 19 is required.

In response to the motion to dismiss, the plaintiff contends that all of the claims raised are related because he is suing over the totality of the conditions at Stateville. However, the plaintiff cannot get around the *George* ruling simply by casting his unrelated allegations all under the umbrella of "totality." Otherwise, every inmate could thwart *George* simply by using the "totality" argument.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees. . . .

*George*, 507 F.3d at 607. The plaintiff's complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606. The court in no way impugns the plaintiff's motives in filing

a single complaint raising multiple, unrelated claims; the court simply finds that the claims are misjoined.

The court notes that the complaint concerns events that took place in 2007. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Therefore, dismissal without prejudice should not prevent the plaintiff from pursuing his misjoined claims in separate lawsuits.

For the foregoing reasons, the plaintiff's "blunderbuss" complaint is dismissed without prejudice. The plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits. Because the court is dismissing the amended complaint on grounds of improper joinder, the court has no occasion to evaluate the substantive merit of the plaintiff's claims. Nevertheless, in drafting his amended complaint, the plaintiff should be mindful of the various challenges to the complaint raised by the defendants.

In sum, the defendants' motion to dismiss on grounds of misjoinder is granted. The plaintiff is granted thirty days in which to submit an amended complaint limited to a single cause of action. Failure to submit a third amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety, on the understanding that the plaintiff no longer wishes to pursue his claims.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss [#42] is granted. The complaint is dismissed, without prejudice to submitting, within thirty days from the date of this order, an amended complaint in accordance with this order.

Enter: _____
JOHN W. DARRAH
United States District Court Judge

Date: 11-3-08